United States District Court
Southern District of Texas

**ENTERED**

July 28, 2023

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE FOMO FACTORY, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-1022 |
| | § | |
| GALLERY MODEL HOMES, INC., | § | |
| d/b/a GALLERY FURNITURE and | § | |
| TOV FURNITURE, INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, The Fomo Factory, LLC ("Plaintiff" or "FOMO Factory"), filed this action against Defendants, Gallery Model Homes, Inc., d/b/a Gallery Furniture ("Defendant" or "Gallery") and Tov Furniture, Inc. ("Tov") for infringement of Registered Copyright Nos. VA0002216877, VA0002209982, VA0002195464, VA0002210004, and VA0002195240 issued on September 3, 2019 ("the Claimed Copyrights"), in violation of the Copyright Act, to 17 U.S.C. § 101 et seq., seeking a preliminary injunction, seizure of infringing articles, actual damages, lost profits, and enhancement of actual damages for willful infringement.[1]  Pending before the court is Defendant Gallery Model Homes, Inc. d/b/a Gallery Furniture's Motion for Summary Judgment ("Gallery's MSJ") (Docket Entry No. 37).  Also pending are Gallery's objections to Plaintiff's Memorandum in Response to Defendants' Motion for

_____

[1]Plaintiff's First Amended Complaint, Docket Entry No. 15, pp. 7-12 ¶¶ 26-48.  Page numbers for docket entries refer to the pagination inserted at the top of the page by the court's electronic filing system.

Summary Judgment ("Plaintiff's Response to Gallery's MSJ") (Docket Entry No. 44) and to some of the evidence attached thereto asserted in Defendant Gallery Model Homes, Inc. d/b/a Gallery Furniture's Brief in Reply to Plaintiff's Memorandum in Response to Defendant's Motion for Summary Judgment ("Gallery's Reply in Support of MSJ") (Docket Entry No. 45).  For the reasons stated below, Gallery's objections to Plaintiff's Response to Gallery's MSJ and to some of the evidence attached thereto will be denied, and Gallery's MSJ will be denied.

## I. **Gallery's Objections to Plaintiff's Response and Evidence**

Gallery filed its MSJ on March 16, 2023.  On March 31, 2023, the court conducted a hearing on Defendant Gallery Model Homes, Inc. d/b/a Gallery Furniture's Motion to Strike Plaintiff's Expert Witness ("Defendant's Motion to Strike")(Docket Entry No. 32), and FOMO Factory's Motion for Continuance and Request for New Scheduling Order and Alternative Motion to Extend Time to Designate Expert Witness and Provide FRCP 26 Report ("Plaintiff's Motion for Continuance")(Docket Entry No. 34).  At the hearing the court granted Defendant's Motion to Strike and granted in part and denied in part FOMO Factory's Motion for Continuance.[2]  On April 6, 2023, the court entered a Amended Docket Control Order (Docket Entry No. 42), identifying May 12, 2023, as the date for the identification of experts by the party with the burden of proof on the issue and the production of experts' reports.

---

[2]See Hearing Minutes and Order, Docket Entry No. 39.

Asserting that "Plaintiff was required to file a response to Defendant's Motion for Summary Judgment on or before May 12, 2023,"[3] but that "despite the Court's clear deadline, Plaintiff did not file its response until May 23, 2023, surpassing the deadline by eleven (11) days,"[4] Gallery argues  that "the Response, including any exhibits attached thereto, should not be considered by the court."[5]  In addition, Gallery objects to the declaration testimony of Robert Youens (Docket Entry No. 44-10) and Deborah Youens (Docket Entry No. 44-11) attached to Plaintiff's Response to Gallery's MSJ as failing to provide any evidence reflecting how they have personal knowledge of the matters set forth in their affidavits, especially, ¶ 1 in which they allege that all ideas, rooms, backdrops, etc. were conceived solely by Rachel Youens and her memories, and ¶ 8 in which they allege liability for Rachel Youens' death.[6]  Because Gallery fails to identify any prejudice resulting from the late filing of Plaintiff's response to Gallery's MSJ, Gallery's objection thereto will be denied.  Because the court has been able to rule on Gallery's MSJ without relying on ¶¶ 1 or 8 of the affidavits of Robert Youens or Deborah Youens, Gallery's objections thereto will be denied as moot.

---

[3]Gallery's Reply in Support of MSJ, Docket Entry No. 45, p. 2 ¶ 3.

[4]<u>Id.</u> ¶ 4.

[5]<u>Id.</u> ¶ 5.

[6]<u>Id.</u> at 2-3 ¶¶ 6-8.

## II.   <u>Undisputed Facts</u>[7]

FOMO Factory, founded by Rachel Youens ("Ms. Youens"), creates "immersive art pop-ups."  "The idea behind these creative spaces is to give people an opportunity to take photographs of themselves or with others with interesting and creative backdrops and props with the purpose of posting these photographs on the internet, primarily on social media websites like Instagram or Facebook."[8]  FOMO Factory opened in Austin, Texas, in September 2018 for a six-month period.  FOMO Factory's Austin experience consisted of seventeen separate rooms, each comprising a different art installation or "work."   Ms. Youens hired an outside artist, Kara Whitten ("Ms. Whitten"), to assist in creating the works.  Pursuant to a written agreement dated August 29, 2018, Ms. Whitten conveyed the works and their copyrights to FOMO Factory.[9]  FOMO Factory's works included an 80's music room with a colorful cassette tape wall, a crescent moon and stars room, a cupcake room, a pinata room, and a rainbow room with a seesaw and pinwheels.[10]   In early 2019

--------------------------------------------------------

[7]The undisputed facts are derived from the "Relevant Background Facts" in Defendant Gallery Model Homes, Inc. d/b/a Gallery Furniture's Brief in Support of Its Motion for Summary Judgment ("Gallery's Brief in Support of MSJ"), Docket Entry No. 37-1, pp. 2-4 ¶¶ 3-9, and the "Factual Background" in Plaintiff's Response to Gallery's MSJ, Docket Entry No. 44, pp. 4-6 ¶¶ 10-16.

[8]Plaintiff's First Amended Complaint, Docket Entry No. 15, p. 3 ¶ 13.

[9]<u>See</u> The FOMO Factory: Creative Director, Exhibit B to Plaintiff's Response to Gallery's MSJ, Docket Entry No. 44-2, p. 4 ¶ 17.A.

[10]Plaintiff's First Amended Complaint, Docket Entry No. 15, (continued...)

Ms. Youens brought FOMO Factory to Houston, where she and her parents, Robert and Deborah Youens, built out a space in the Houston Galleria.[11]

In 2019 Gallery had an arrangement to sell Tov furniture at its three Houston area stores. The arrangement included a plan to introduce Tov furniture at launch parties in Gallery's showrooms. Tov hired various artists, including Ms. Whitten, to design and install displays with backdrops for its furniture. The displays with backdrops were created during May and June of 2019, and Gallery paid Ms. Whitten for creating them.[12] Gallery held the first Tov launch party on or about July 7, 2019. That same month an attorney retained by Ms. Youens sent notices to Tov and to Gallery alleging that a number of the Tov furniture displays violated copyrights owned by FOMO Factory.[13] Gallery removed the displays in October of 2019.[14]

---

[10](...continued)
p. 5 ¶ 18.

[11]Id. at 4 ¶ 15.

[12]See Schedule 4 of Defendant's Expert Report, Exhibit C to Gallery's Brief in Support of MSJ, Docket Entry No. 37-4, p. 14 (showing payments made to Kailo Chic on May 14 and June 18, 2019).

[13]See Affidavit of Jeremy Hunt, Operations Manager for Gallery Furniture ("Hunt Affidavit"), Exhibit B to Gallery's Brief in Support of MSJ, Docket Entry No. 37-3, pp. 1-2.

[14]See Schedule 4 of Defendant's Expert Report, Exhibit C to Gallery's Brief in Support of MSJ, Docket Entry No. 37-4, p. 14 (showing that displays were removed in October 2019).

Ms. Youens ended her life in July of 2019.   Afterwards, Ms. Youens' parents, Robert and Deborah Youens, were approved as co-independent executors of Ms. Youens' estate, which included her interest in the FOMO Factory.   FOMO Factory obtained registration with the United States Copyright Office ("USCO") for each of the following five works, the details of which are shown below:

| TITLE | DATE OF PUBLICATION | DATE OF REGISTRATION | REGISTRATION NO. |
|---|---|---|---|
| 1. Cassette Tape Wall Installation | 9/13/2018 | 9/3/2019 | VA0002216877 |
| 2. Crescent Moon Wall Installation | 9/13/2018 | 9/3/2019 | VA0002209982 |
| 3. Cupcake Wall Installation | 9/13/2018 | 9/3/2019 | VA0002195464 |
| 4. Pinata Wall Installation | 9/13/2018 | 9/3/2019 | VA0002210004 |
| 5. Seesaw and Pinwheel Wall Installation | 9/13/2018 | 9/3/2019 | VA0002195240 |

As administrators of Ms. Youens' estate, her parents sold her assets to a third party effective October 1, 2019, but retained claims that existed prior to the effective date of the sale, including FOMO Factory's claims against Gallery and Tov.

On March 29, 2021, FOMO Factory filed this action for copyright infringement against Gallery and Tov.   On August 1, 2022, FOMO Factory and Tov filed a Stipulation of Dismissal (Docket Entry No. 25), and on the same day the court entered an Order on Stipulation of Dismissal (Docket Entry No. 26) dismissing with prejudice all of FOMO Factory's claims against Tov.

### III. **Standard of Review**

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Disputes about material facts are genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2511 (1986). "The party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986)). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Id. If the moving party meets this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Id. Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Id. "[T]he court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000).

## IV. **Analysis**

FOMO Factory has sued Gallery for copying five copyrighted works in violation of the United States Copyright Act, 17 U.S.C. §§ 501 _et seq.,_ seeking actual damages, lost profits, and enhancement of actual damages for willful infringement.[15]  Gallery argues that it is entitled to summary judgment because FOMO Factory is unable to cite evidence capable of establishing that (1) its copyrighted works are sufficiently original to qualify for copyright protection, (2) Gallery copied elements of the copyrighted works that are original, (3) any of Gallery's copying was more than _de minimis_ or willful,[16] or (4) the alleged infringement caused any damages.

### A.   Applicable Law

Copyright protection "subsists . . . in original works of authorship fixed in any tangible medium of expression." 17 U.S.C. § 102(a).  The owner of a copyright has a number of exclusive rights, including the rights to reproduce the copyrighted work and to prepare derivative works based upon the copyrighted work.  17 U.S.C. § 106.  Anyone who violates exclusive rights of a copyright

---

[15]Plaintiff's First Amended Complaint, Docket Entry No. 15, pp. 7-12 ¶¶ 26-48.

[16]"Plaintiff concedes that it is not entitled to enhanced damages under the Copyright Act based on the dates of infringement and dates of registration as outlined in 17 U.S.C. § 412." Plaintiff's Response to Gallery's MSJ, Docket Entry No. 44, p. 13 ¶ 38.

owner is an infringer, who may be sued.   17 U.S.C. § 501(a)-(b).
"To establish infringement, two elements must be proven:
(1) ownership of a valid copyright, and (2) copying of constituent
elements of the work that are original." Feist Publications, Inc.
v. Rural Telephone Service Co., Inc., 111 S. Ct. 1282, 1296 (1991).

"Copyright ownership is shown by proof of originality and
copyrightability in the work as a whole and by compliance with
applicable statutory formalities." Batiste v. Lewis, 976 F.3d 493,
501 (5th Cir. 2020) (quoting Engineering Dynamics, Inc. v.
Structural Software, Inc., 26 F.3d 1335, 1340 (5th Cir. 1994)
supplemented on denial of rehearing, 46 F.3d 408 (5th Cir. 1995)).
Gallery does not dispute that the artist, Ms. Whitten, conveyed the
works at issue and their copyrights to FOMO Factory by contract.
Nor does Gallery dispute that FOMO Factory has complied with
statutory formalities by acquiring certificates of registration for
the five works allegedly infringed. "A certificate of registration,
if timely obtained, is prima facie evidence both that a copyright
is valid and that the registrant owns the copyright." Id. (quoting
General Universal Systems, Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.
2004) (per curiam)).  FOMO Factory's certificates of registration
create a rebuttable presumption of validity that shifts the burden
to Gallery to offer evidence capable of proving that the copyrights
are not sufficiently original to qualify for copyright protection.
See Norma Ribbon & Trimming, Inc. v. Little, 51 F.3d 45, 47 (5th
Cir. 1995).

"[C]opying has two components: 'factual' copying and 'actionable' copying." <u>Batiste</u>, 976 F.3d at 502 (quoting <u>Lee</u>, 379 F.3d at 141-42, 157). "[F][actual copying . . . requires proof that the defendant 'actually used the copyrighted material to create his own work.'" <u>Id.</u> (quoting <u>Lee</u>, 379 F.3d at 141). "If factual copying is proven, the plaintiff must then establish that the copying is legally actionable by showing 'that the allegedly infringing work is substantially similar to protectable elements of the infringed work.'" <u>Id.</u> (quoting <u>Lee</u>, 379 F.3d at 142). "This usually requires a 'side-by-side comparison' of the works' protectable elements 'to determine whether a layman would view the two works as "substantially similar."'" <u>Id.</u> (quoting <u>Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.</u>, 783 F.3d 527, 550 (5th Cir. 2015) (internal quotation marks and citations omitted)).

A copyright infringer may be held liable for either statutory damages or the copyright owner's actual damages and any additional profits of the infringer. 17 U.S.C. § 504(a). FOMO Factory seeks Gallery's profits attributable to its copyrighted works.[17] "In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b).

---

[17] <u>Id.</u> at 4 ¶ 9.

**B.    Application of the Law to the Undisputed Facts**

    1.    <u>Gallery Has Failed to Establish that FOMO Factory's Works are Not Sufficiently Original for Copyright Protection</u>

Gallery argues that FOMO Factory's copyrights in the five asserted works are not valid because the works are not sufficiently original to qualify for copyright protection.[18]   "To qualify for copyright protection, a work must be original to the author." <u>Feist,</u> 111 S. Ct. at 1287.   The threshold for originality is low. It requires only "that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." <u>Id.</u> "[T]he requisite level of creativity is extremely low; even a slight amount will suffice." <u>Id.</u> Nevertheless, "[t]here remains a narrow category of works in which the creative spark is utterly lacking or so trivial as to be virtually nonexistent." <u>Id.</u> at 1294.   For example, in <u>Feist</u> the Supreme Court held that the alphabetical arrangement of names in a telephone directory was not sufficiently original because arranging names alphabetically is an "age-old practice, firmly rooted in tradition and so commonplace that it has come to be expected as a matter of course." <u>Id.</u> at 1297.   Where the defendant challenges the originality of copyrighted material, "the presumption [of validity] will not be overcome unless the defendant offers either proof that the plaintiff's product was

---

[18]Gallery's Brief in Support of MSJ, Docket Entry No. 37-1, pp. 5-7 ¶¶ 15-20.

copied from other works or similarly probative evidence as to originality." <u>Masquerade Novelty, Inc. v. Unique Industries, Inc.</u>, 912 F.2d 663, 668-69 (3d Cir. 1990).

Gallery argues that the works FOMO Factory contends were infringed lack originality and were not independently created, because elements of those works were based on tutorials that Ms. Whitten found online.[19]   Gallery also argues that the FOMO Factory works lack sufficient originality for copyright protection because they were all composed from "scenes à faire,"[20] "expressions that are standard, stock or common to a particular subject matter or are dictated by external factors." <u>Engineering Dynamics</u>, 26 F.3d at 1344.  In support of this argument Gallery cites an email from Ms. Whitten to James McIngvale at Gallery that states:

> Here are the items that were similar (but not exact copies — colors and dimensions were changed) to items I made for the Fomo Factory:
>
> Pinwheels
>
> Seesaw
>
> [C]upcakes on plates
>
> Fringe wall
>
> All other items were completely different items that I created or bought solely for TOV and Gallery.
>
> Of the items listed above, none were items that I owned the copyright to initially and therefore could not pass any copyright or IP to Rachel through our contract.  Thus

---

[19] <u>Id.</u> at 6 ¶ 18.

[20] <u>Id.</u> at 7-8 ¶¶ 21-26.

> she does not own the copyright for these items.  These
> items were all things that I made based on tutorials from
> other people that I found online.  So again there is no
> copyright for these items.  I can provide the websites
> with the tutorials if needed.[21]

Although Mr. McIngvale responded to this email by asking

Ms. Whitten to "please provide all such websites asap,"[22] Gallery

has not identified any websites with tutorials that were used to

create Gallery's allegedly infringing furniture displays.

Pinwheels, seesaws, cupcakes, and fringes are all elements

commonly found in the public domain that do not by themselves

qualify for copyright protection.  See Engineering Dynamics, 26

F.3d at 1344 (recognizing that information in the public domain is

not copyrightable).  However, FOMO Factory does not argue that

these elements are protectable but, instead, that "the amalgamation

of the elements as well as the spatial arrangement, the addition of

other original elements and other factors provide the minimal

degree of creativity required for the works at issue to be

copyrightable."[23]

Unique expressions of elements commonly found in the public

domain are entitled to copyright protection to the extent that they

differ from their predecessors.  See Norma Ribbon, 51 F.3d at 47

(quoting Donald v. Zack Meyer's T.V. Sales & Service, 426   F.2d

---

[21]July 9, 2019, Email exchange between Kara Whitten and James
McIngvale, Exhibit E to Gallery's Brief in Support of MSJ, Docket
Entry No. 37-6, p. 1.

[22]Id.

[23]Plaintiff's Response to Gallery's MSJ, Docket Entry No. 44,
p. 2 ¶ 5.

-13-

1027, 1029 (5th Cir. 1970), <u>cert. denied,</u> 91 S. Ct. 459 (1971)
("[A] work may be protected by copyright even though it is based on
. . . something already in the public domain if the author, through
his skill and effort, has contributed a distinguishable variation
from the older works.")). The Copyright Office had an opportunity
to pass on the copyrightability of FOMO Factory's works as a whole,
and it issued registrations. Therefore, Gallery cannot overcome
the presumption that FOMO Factory's works are sufficiently original
to qualify for copyright protection merely by asserting that
elements of the works exist in the public domain or constitute
scenes à faire. Gallery has failed to cite either specific works
that existed in the public domain prior to the creation of FOMO
Factory's works to which FOMO Factory's works can be compared, or
other evidence from which the court can conclude that FOMO
Factory's use of pinwheels, seesaws, cupcakes, and fringe in its
copyrighted works is not original. Therefore, Gallery has failed
to establish as a matter of law that FOMO Factory's copyrights are
invalid for lack of originality.

     2.   <u>Gallery Has Failed to Establish that It Did Not Copy FOMO
        Factory's Copyrighted Works</u>

     Gallery argues that it is entitled to summary judgment because
FOMO Factory cannot cite evidence capable of proving that it

actionably copied the copyrighted works.[24]   To prove actionable

copying FOMO Factory must make two showings.  "First, [FOMO

Factory] must, as a factual matter, prove that [Gallery] 'actually

used the copyrighted material to create [its] own work.'"  Lee, 379

F.3d at 141 (quoting Engineering Dynamics, 26 F.3d at 1340).

> A plaintiff may make this showing either with proof of
> direct evidence of copying or through circumstantial
> evidence demonstrating both (1) that the defendant had
> access to the copyrighted work and (2) that the two works
> are "probatively" similar.   The access element is
> satisfied if the person who created the allegedly
> infringing work had a reasonable opportunity to view the
> copyrighted work.   The second element — probative
> similarity — requires a showing that the works, "when
> compared as a whole, are adequately similar to establish
> appropriation."

Id. at 141 (quoting Peel & Co., Inc. v. The Rug Market, 238 F.3d

391, 397 (5th Cir. 2001)).  "If [FOMO Factory] demonstrates factual

copying, [FOMO Factory] must next demonstrate that the copying is

legally actionable by showing that the allegedly infringing work is

substantially similar to protectable elements of the infringed

work."   Id. at 142.


> (a)   Undisputed Evidence Is Capable of Establishing
>       Factual Copying

Gallery argues that FOMO Factory cannot prove that it

factually copied the copyrighted works because Gallery did not have

access to the allegedly infringed works before July of 2019.   In

---

[24]Gallery's Brief in Support of MSJ, Docket Entry No. 37-1,
pp. 9-13 ¶¶ 27-39.

support of this argument Gallery cites the affidavit of its operations manager, Jeremy Hunt, who states that Gallery had no knowledge of FOMO Factory's existence until July of 2019 when it received allegations of infringement from Ms. Youens' attorney.[25] Gallery argues that its lack of access to the copyrighted works is

> further evidenced by the fact that Plaintiff did not attempt to register any copyrights until after the alleged infringement period, which was backdated upon registration one (1) year later for the specific purposes of trying to find a way to pursue legal action against a locally well-known retailer.[26]

The access element of factual copying is satisfied because it is undisputed that FOMO Factory's copyrighted works were created before the allegedly infringing works displayed in Gallery's showrooms were created, and that both the copyrighted works and the allegedly infringing works were created by the same artist: Ms. Whitten. Gallery does not dispute that it paid Ms. Whitten for creating the allegedly infringing works displayed in its showrooms. Thus, Gallery had access to the copyrighted works.

Probative similarity allows factual copying to be inferred. "A plaintiff can show probative similarity by pointing to 'any similarities between the two works,' even as to unprotectable elements, 'that, in the normal course of events, would not be

---

[25]Id. at 10 ¶ 31 (citing Affidavit of Jeremy Hunt, Operations Manager for Gallery Furniture, Exhibit B to Gallery's Brief in Support of MSJ, Docket Entry No. 37-3, pp. 1-2; and July 11, 2019, email from Forrest Wynn to Monica Orlando, Exhibit D to Gallery's Brief in Support of MSJ, Docket Entry No. 37-5).

[26]Id. ¶ 32.

expected to arise independently.'" <u>Batiste,</u> 976 F.3d at 502

(quoting <u>Positive Black Talk Inc. v. Cash Money Records, Inc.,</u> 394

F.3d 357, 370 (5th Cir. 2004), <u>abrogated on other grounds by Reed</u>

<u>Elsevier, Inc. v. Muchnick,</u> 130 S. Ct. 1237 (2010)).   Cursory

review of side-by-side photographs of the FOMO Factory and Gallery

works reveals similarities in their use of themes, arrangements,

sizes and proportions, decorative designs, and color schemes

sufficient to support a conclusion of appropriation.[27]

Nevertheless, "[n]ot all copying . . . is copyright infringement."

<u>Engineering Dynamics,</u> 26 F.3d at 1340-41 (citing <u>Feist,</u> 111 S. Ct.

at 1296).   The more difficult question is whether the copying is

legally actionable.   This requires determination of "whether there

is substantial similarity between the two works."   <u>Id.</u> at 1341.


        (b)  Substantial Similarity is a Fact Issue for Trial

     Gallery argues that it is entitled to summary judgment that

FOMO Factory cannot prove that its Toy furniture displays were

substantially similar to FOMO Factory's copyrighted works.   Citing

<u>Randolph v. Dimension Films,</u> 634 F.Supp.2d 779, 791 (S.D. Tex.

---

[27]<u>See</u> Photos of seesaw and pinwheels, cassette tapes, cupcakes
on plates, silver moon backed by silver fringe, pinata wall, and
oversized cupcake from the FOMO Factory works and the furniture
displays at two of Gallery's stores, Exhibit A to Plaintiff's First
Amended Complaint, Docket Entry No. 15-1, and Exhibit A to
Plaintiff's Response to Gallery's MSJ, Docket Entry No. 44-1.

2009), aff'd, 381 F. App'x 449 (5th Cir.), cert. denied, 131 S. Ct.
648 (2010), and emails exchanged with Ms. Whitten, Gallery argues
that

> the fact that a few of the displays for the Tov furniture
> line and Plaintiff's backdrops contained some pinwheels,
> a seesaw, cupcakes on plates, . . . and painted cassette
> tapes, does not make those displays substantially
> similar, because those common items were incorporated in
> different sizes, colors, dimensions, and in different
> ways with dissimilar accompanied elements to create new,
> independent works showing off the Tov furniture line.[28]

Gallery argues that

> [i]n Randolph v. Dimension Films, the court noted that
> individual elements of a constituent work of art are
> insufficient to establish copyright infringement of the
> work as a whole, when such elements can be found
> incorporated in other works of art, such as the presence
> of a flying bike, whether alone or combined with other
> explanatory elements, resulting in a lack of substantial
> similarity between elements of a book and a movie with
> similar, generalized concepts.[29]

FOMO Factory responds that a side-by-side comparison of the

original FOMO Factory works and Gallery's copies

> immediately reveals that the two sets of works are indeed
> substantially similar.  The rainbow seesaw and pinwheels
> wall shares the primary elements of multicolored rainbow
> paper pinwheels set behind a sky-blue seesaw with a
> rainbow centerpiece.  The pinwheels and seesaw in both
> works are identical in size, shape, colors and design.
> The cassette tape wall original and copies share the
> common elements of cassette tapes painted in vibrant
> colors and arranged in a grid pattern on a wall.  The

---

[28]Gallery's Brief in Support of MSJ, Docket Entry No. 37-1,
p. 13 ¶ 39.  See also July 9, 2019, Email exchange between Kara
Whitten and James McIngvale, Exhibit E to Gallery's Brief in
Support of MSJ, Docket Entry No. 37-6, p. 1.

[29]Id. at 12-13 ¶ 38.

cupcake wall original and copies both contain the elements of multicolored cupcakes set on a colorful plate with a fork affixed to a wall in a regular offset pattern. The crescent moon wall original and copies both contain a silver crescent moon set in front of a shimmering silver painted or silver tinsel wall. The pinata wall original and copies share the common elements of arranged colored streamers on a wall with colorful balloons in the foreground. Although there are some differences between the originals and copies, because of the number and prominence of the common elements, a reasonable juror could find substantial similarity between them. Therefore, summary judgment on the issue of substantial similarity is proper.[30]

To support an actionable claim of copyright infringement, "the copy must bear a substantial similarity to the protected aspects of the original. The Supreme court has defined this essential element of an infringement claim as 'copying of constituent elements of the work that are original.'" Peel, 238 F.3d at 398 (quoting Feist, 111 S. Ct. at 1296). Courts in this circuit require a side-by-side comparison of the original and the copy "to determine whether a layman would view the two works as 'substantially similar.'" Lee, 379 F.3d at 142 (quoting McCain, 112 F.3d at 816). Typically, the question of whether two works are substantially similar should be left to the ultimate factfinder, but the Fifth Circuit has found summary judgment appropriate if "no reasonable juror could find substantial similarity of ideas and expression.'" id. (quoting Peel, 238 F.3d at 395), or if "the similarity between two works concerns only non-copyrightable elements of the plaintiff's work."

---

[30]Plaintiff's Response to Gallery's MSJ, Docket Entry No. 44, p. 12 ¶ 33.

<u>Herzog v. Castle Rock Entertainment</u>, 193 F.3d 1241, 1247 (11th Cir. 1999) (cited approvingly in <u>Peel</u>, 238 F.3d at 395 n. 17). Examples of elements that are non-copyrightable include ideas, concepts, "facts, information in the public domain, and <u>scenes à faire, i.e.,</u> expressions that are standard, stock or common to a particular subject matter or are dictated by external factors." <u>Engineering Dynamics</u>, 26 F.3d at 1344. <u>See also</u> 17 U.S.C. § 102(b) (copyright protection does not extend to, <u>inter alia</u>, ideas or concepts).

Acknowledging that its furniture displays included items such as seesaws, cupcakes on plates, and cassette tapes that are also found in FOMO Factory's copyrighted works, Gallery argues that its furniture displays are not substantially similar to FOMO Factory's copyrighted works because items that the works share in common such as seesaws, cupcakes on plates, and cassette tapes were incorporated into its furniture displays "in different ways with dissimilar accompanied elements to create new, independent works."[31] Gallery's argument is insufficient to establish that it is entitled to judgment as a matter of law that its furniture displays are not substantially similar to FOMO Factory's copyrighted works because Gallery's argument neither addresses any of the specific five copyrighted works in dispute, nor explains how its furniture

---

[31]Gallery's Brief in Support of MSJ, Docket Entry No. 37-1, p. 13 ¶ 39. <u>See also</u> July 9, 2019, Email exchange between Kara Whitten and James McIngvale, Exhibit E to Gallery's Brief in Support of MSJ, Docket Entry No. 37-6, p. 1.

displays incorporate these common items "in different ways with dissimilar accompanied elements to create new, independent works." Moreover, the July 9, 2019, email from Ms. Whitten to James McIngvale, which Gallery cites in support of its MSJ, contradicts Gallery's argument.   In that email Ms. Whitten states that the pinwheels, seesaws, cupcakes on plates, and fringe wall in the Gallery furniture displays "were similar (but not exact copies — colors and dimensions were changed) to items I made for the Fomo Factory."[32]   Unspecified changes of colors and dimensions are insufficient to establish as a matter of law (1) that there are no remaining similarities between the works, or (2) that no reasonable jury could find substantial similarity between the remaining protectable elements of FOMO Factory's works and Gallery's furniture displays.   Accordingly, the court concludes that whether any of Gallery's allegedly infringing furniture displays were substantially similar to FOMO Factory's five copyrighted works are genuine issues of material fact for trial.


   3.   <u>Gallery Has Failed to Establish that Any Copying of the Copyrighted Works Was De Minimis</u>

   Gallery argues that it is entitled to summary judgment because any copying of FOMO Factory's copyrighted works was <u>de minimis.</u>

_____

   [32]July 9, 2019, Email exchange between Kara Whitten and James McIngvale, Exhibit E to Gallery's Brief in Support of MSJ, Docket Entry No. 37-6, p. 1

Citing <u>Straus v. DVC Worldwide, Inc.</u>, 484 F. Supp. 2d 620 (S.D.
Tex. 2007), Gallery argues that

> the disputed displays were in Defendant's stores for less
> than six (6) months, the furniture line did not sell
> well, and any elements that share characteristics with
> Plaintiff's works are relatively small portions of the
> display as a whole.  The displays overall were completely
> different than Plaintiff's and meek in comparison to the
> other Tov furniture displays not in dispute, Defendant's
> other promotions, and Defendant's large inventory of
> different furniture products and brands.[33]

In <u>Straus</u> a professional photographer brought a copyright
infringement action against a marketer of smoking-cessation
products for unauthorized use of his copyrighted photograph of a
professional golfer.  The court granted summary judgment in favor
of the alleged infringer, holding <u>inter alia</u> that the unauthorized
use of the copyrighted photograph was <u>de minimis</u> because the use
was inadvertent and occurred only in limited ways for short periods
of time, <u>i.e.</u>, when the copyrighted photograph was displayed on the
shelves of only one of thousands of defendant's stores for one
month after authorization expired, and appeared for only a few
seconds in four thirty-second commercials.  <u>Id.</u> at 639-41.

Asserting that Gallery's "<u>[d]e minimis</u> use refers to the usage
of the copyrighted works within the infringing works, not the ratio
of infringed works to non-infringing works on site, low sales of
products associated with the infringing works or Defendant's other

---

[33]Gallery's Brief in Support of MSJ, Docket Entry No. 37-1,
p. 14 ¶ 43.

promotions,"[34] FOMO Factory argues that "[t]he use of the copyrighted works in Gallery's displays was not trivial," and that Gallery has "not shown that there is no genuine issue of material fact on the[] affirmative defense of de minimis use."[35]

The de minimis use doctrine provides that if unauthorized copying is sufficiently trivial, "the law will not impose legal consequences." Straus, 484 F.Supp.2d at 639 (quoting On Davis v. The Gap, Inc., 246 F.3d 152, 172-73 (2d Cir. 2001) (citing Ringgold v. Black Entertainment Television, Inc., 126 F.3d 70, 74 (2d Cir. 1997))).  To establish that an infringement is de minimis and, therefore, not actionable, the alleged infringer must demonstrate that the copying of the protected material is so trivial that it falls below the threshold of substantial similarity.  Id. (citing Sandoval v. New Line Cinema Corp., 147 F.3d 215, 217 (2d Cir. 1998) (citing Ringgold, 126 F.3d at 74)).  For essentially the same reasons that the court has already concluded that substantial similarity is an issue for trial, the court concludes that Gallery has failed to establish that it is entitled to summary judgment that any infringement of FOMO Factory's copyrighted works was de minimis.

---

[34]Plaintiff's Response to Gallery's MSJ, Docket Entry No. 44, p. 13 ¶ 36.

[35]Id. ¶ 37.

4.   <u>Gallery Has Failed to Establish Entitlement to Summary Judgment on FOMO Factory's Claim for Profit Damages</u>

Gallery argues that it is entitled to summary judgment because FOMO Factory "cannot meet its burden for damages[,] . . . and cannot show any causal link for its actual damages . . ."[36]   Citing <u>Straus,</u> 484 F. Supp. 2d at 620, Gallery argues that

> Plaintiff has not provided any evidence to show a causal link from Defendant's revenue during the relevant period to any revenues from Tov product sales, and even assuming so, Plaintiff still is unable to show a link between any revenues and the limited elements of the works allegedly infringed upon.  As stated previously, the Tov furniture line did not generally sell well and was a very small part of Defendant's inventory and other promotional materials.  Further, the disputed displays were a very minimal part of all the displays for Tov furniture.[37]

Citing the affidavit of its operations manager, Gallery argues that

> Plaintiff cannot satisfy its burden under 17 U.S.C. § 504(b) to show which profits and revenues are attributable to the alleged infringement, if any, as any potentially infringing material would have only constituted a fraction of the total displays for Tov furniture, whose product line was only a small portion of the inventory and promotions of Defendant during the short time it was sold.[38]

In <u>Straus</u> the court granted summary judgment in favor of the alleged infringer, holding <u>inter alia</u> that the plaintiff failed to present any basis for linking the limited infringing uses of the copyrighted photograph to all or any part of the infringer's revenues.  <u>Id.</u> at 645-47.

_____

[36]Gallery's Brief in Support of MSJ, Docket Entry No. 37-1, p. 17 ¶ 52.

[37]<u>Id.</u> at 20 ¶ 64.

[38]<u>Id.</u> § 65 (citing Hunt Affidavit, Exhibit B to Gallery's Brief in Support of MSJ, Docket Entry No. 37-3, p. 2.

FOMO Factory responds that

> [a]t the time Defendant filed its motion for summary
> judgment, Plaintiff had not yet submitted an expert
> report on damages.  Since then, Plaintiff has done so.
> The expert's damages report is attached as Exhibit E and
> provides substantial evidence of Gallery's profits
> attributable to its infringement of The FOMO Factory's
> works.  As such, a genuine issue of material fact exists
> on the issue of damages and the Court should deny
> Defendant's motion.[39]

Exhibit E to Plaintiff's response is the Expert Report of Phillip
Brida dated May 12, 2023.  Mr. Brida opines that "Gallery Furniture
generated net revenues of approximately $668,000 from the sale of
furniture supplied by TOV Furniture between June 2019 and October
2019 (the 'Relevant Period'),"[40] and that "Gallery Furniture
realized incremental profits of approximately $302,000 from the
sale of furniture supplied by TOV Furniture during the Relevant
Period."[41]

Citing Estate of Vane v. The Fair, Inc., 849 F.2d 186, 188-90
(5th Cir. 1988), cert. denied, 109 S. Ct. 792 (1989), and On Davis,
246 F.3d at 160, Gallery replies that FOMO Factory cannot show any
causal link for its damages claim because Mr. Brida's damages
calculation is based on incorrect data, because FOMO Factory has

---

[39]Plaintiff's Response to Gallery's MSJ, Docket Entry No. 44,
p. 14 ¶ 39 (citing Expert Report of Phillip Brida, Exhibit E to
Plaintiff's Response to Gallery's MSJ, Docket Entry No. 44-9).

[40]Expert Report of Phillip Brida, Exhibit E to Plaintiff's
Response to Gallery's MSJ, Docket Entry No. 44-9, p. 5 ¶ 8.

[41]Id. ¶ 9.

failed to show revenues attributable to the alleged infringement, and because Gallery has satisfied its evidentiary burden on damages.[42]

In <u>Estate of Vane</u> a department store hired a professional photographer to prepare slides depicting its merchandise for the stated purpose of using the slides in printed advertisements. Later, the department store used the slides in television commercials that included a substantial amount of material from other sources. 849 F.2d at 187. The photographer brought suit against the department store for copyright infringement seeking <u>inter alia</u> profits the department store realized from the infringement. The court awarded the photographer damages based on the value of the use of the slides in the commercials, but refused to award him damages based on profits the department store realized from the infringement. Because the department store's records were not detailed enough to show the amount received from sales of the items pictured in the infringed slides, the photographer relied on testimony of an expert witness to establish the store's gross revenues and profits. Although the Fifth Circuit acknowledged that "[w]hen financial records sufficiently detailed to show an infringer's sales are not available, expert testimony may be used to develop either such proof or . . . proof of its profits rather

---

[42]Gallery's Reply in Support of MSJ, Docket Entry No. 45, pp. 3-6 ¶¶ 9-18.

than sales," id. at 188, it affirmed the district court's holding that the testimony of the photographer's expert witness was inadequate to establish the department store's profits attributable to the infringement.   The Fifth Circuit explained that

> [c]ross-examination . . . brought to light a number of potential shortcomings in [the expert's] analysis.  [The expert's] model yielded only a lump-sum figure for profits attributable to the television commercials that contained infringed material as a whole without accounting for the fact that the infringed material constituted only a fraction of any given commercial. Some portion of the profits may have been attributable to the infringement, but much of the profits must be attributed to noninfringing aspects of the commercials. Testimony at trial showed from three perspectives why the use of an undifferentiated figure does not convincingly establish what profits are attributable to the infringement.
>
>                    . . .
>
>      . . . [The expert's] model did not show what part of the [store]'s profits should be attributed to these factors rather than to the use of the infringed slides.

Id. at 188-89.

In On Davis an eyeglass designer sued a retailer for copyright infringement based on an advertisement that included a photograph of a model wearing the designer's eyeglasses.   The designer submitted evidence that during and shortly after the advertising campaign featuring the infringing photograph, the retailer realized net sales of $1.668 billion, an increase of $146 million over the revenues earned in the same period of the preceding year.  Finding this evidence inadequate to sustain a judgment in the designer's favor because the overall revenues of the retailer had no

reasonable relationship to the act of alleged infringement, the district court granted summary judgment in favor of the retailer and dismissed the designer's claim for damages.  The Second Circuit affirmed explaining that

> [b]ecause the ad infringed only with respect to [] label stores and eyewear, we agree with the district court that it was incumbent on [the designer] to submit evidence at least limited to the gross revenues of [] label stores, and perhaps also limited to eyewear or accessories.  Had he done so, the burden would then have shifted to the defendant under the terms of § 504(b) to prove its deductible expenses and elements of profits from those revenues attributable to factors other than the copyrighted work.

On Davis, 246 F.3d at 160.

"[O]nce liability has been shown, [17 U.S.C.] § 504(b) creates an initial presumption that the infringer's 'profits . . . attributable to the infringement' are equal to its gross revenue." MGE UPS Systems, Inc. v. GE Consumer and Industrial, Inc., 622 F.3d 361, 367 (5th Cir. 2010) (quoting Bonner v. Dawson, 404 F.3d 290, 294 (4th Cir. 2005)).  To establish an infringer's profits under § 504(b), "the copyright owner need prove only the infringer's gross revenues, while the infringer must prove his deductible expenses and must show which elements of profits are attributable to sources other than the copyrighted work." Estate of Vane, 849 F.2d at 188 (citing 17 U.S.C. § 504(b)).  See also On Davis, 246 F.3d at 159 ("The award of the infringer's profits examines the facts only from the infringer's point of view.  If the infringer has earned a profit, this award makes him disgorge the profit to

insure that he not benefit from his wrongdoing."). But copyright owners cannot meet their burden by showing the infringer's total gross revenue from all of its profit streams. Instead, courts have held that for purposes of 17 U.S.C. § 504(b), "gross revenue" refers to revenue reasonably related to the infringement. See Estate of Vane, 849 F.2d at 188 (finding that "a lump-sum figure for profits attributable to the television commercials that contained infringed material as a whole without accounting for the fact that the infringed material constituted only a fraction of any given commercial" was too speculative a connection to sustain damages). See also On Davis, 246 F.3d at 159-60 (finding evidence of defendant's total gross revenues too broad to support a copyright infringement claim based on defendant's use of plaintiff's copyrighted eyeglasses in an ad campaign).

Gallery argues that FOMO Factory's damages calculation is flawed because its expert, Phillip Brida, did not review Gallery's actual revenues from Tov Furniture sales, evidence of which was produced in discovery as bates numbers GF000411-413.[43] But the evidence that Gallery argues shows its actual Tov furniture revenues is neither attached to any of its briefing nor specifically cited in its own expert's report. Citing Estate of Vane, 849 F.2d at 188-90, Gallery also argues that

---

[43] Id. at 4 ¶ 12.

the finding by Plaintiff's expert does not sufficiently
limit revenues to those attributable to the allegedly
infringing elements of five (5) backdrop displays in
question out of the abundance of displays created for the
Tov Furniture line, in addition to several promotions and
other marketing materials during the relevant time
frame.[44]

But despite referencing "the abundance of displays created for the
Tov Furniture line," Gallery fails to cite evidence showing either
how many displays were created for the Tov Furniture line, or what
— if any — amount of its Tov Furniture revenues can be attributed
to other — non-infringing displays, promotions, or marketing
materials.

"When financial records sufficiently detailed to show an
infringer's sales are not available, expert testimony may be used
to develop either such proof or . . . proof of its profits rather
than its sales." Estate of Vane, 849 F.2d at 188. Acknowledging
that "Gallery Furniture is alleged to have infringed the
Copyrighted Works in connection with the marketing of TOV Furniture
displayed and sold by Gallery Furniture between June 2019 and
October 2019 (i.e., the Relevant Period),"[45] and asserting that "as
of the date of this report, it does not appear that Gallery
Furniture has identified the revenues generated from the sale of
TOV Furniture products alone,"[46] FOMO Factory's expert stated that

---

[44]Id. at 5 ¶ 14.

[45]Expert Report of Phillip Brida, Exhibit E to Plaintiff's
Response to Gallery's MSJ, Docket Entry No. 44-9, p. 10 ¶ 16.

[46]Id. at 11 ¶ 20.

> in order to estimate the revenues generated by Gallery
> Furniture in connection with the marketing and sale of
> TOV furniture, I considered (a) the Gallery Furniture
> P&Ls [("profit and loss statements"), and (b) a TOV
> Furniture sales report that appears to provide the amount
> of furniture supplied by TOV Furniture to Gallery
> Furniture between June 16, 2019 and September 25, 2019
> (the "TOV Furniture Sales Detail.").[47]

From these records FOMO Factory's expert determined that Gallery's

markup percentage is 108.3%, Gallery purchased approximately

$321,000 in furniture from Tov Furniture during the Relevant

Period, and

> [a]ssuming that Gallery Furniture applied a markup on the
> sale of furniture purchased from TOV Furniture that is
> consistent with its overall business practices, it is
> estimated that Gallery Furniture generated net revenues
> of approximately $668,000 during the Relevant Period from
> the sale of furniture supplied by TOV Furniture.[48]

FOMO Factory's expert opinion is analogous to the evidence

that the Second Circuit stated in On Davis, 246 F.3d at 160, would

have been sufficient to shift the burden to the infringer to prove

its "deductible expenses and the elements of profit attributable to

factors other than the copyrighted work," under 17 U.S.C. § 504(b).

In On Davis the district court granted summary judgment to the

infringer on the issue of damages because the copyright owner

presented evidence of the infringers' overall revenues, which the

district court found had no reasonable relationship to the act of

alleged infringement.   The Second Circuit affirmed the district

---

[47] Id.

[48] Id. at 12 ¶ 21.

court's grant of summary judgment explaining that the designer should not have submitted evidence of the retailer's total gross revenues but, instead, should have limited the evidence of gross revenues to that received from the specific stores and products related to the infringement.  Id.  Gallery is alleged to have infringed only with respect to the sale of Tov Furniture, and FOMO Factory has submitted expert testimony limited to Gallery's gross revenues from Tov furniture. The court concludes therefore that FOMO Factory's evidence of Gallery's gross revenues is sufficiently related to the alleged infringement to shift the burden to Gallery to prove its "deductible expenses and . . . which elements of profits are attributable to sources other than the copyrighted work."  Estate of Vane, 849 F.2d at 188 (citing 17 U.S.C. § 504(b)). Gallery's reliance on the Fifth Circuit's rejection of the expert testimony of gross revenues in Estate of Vane in support of its argument for summary judgment is misplaced because that case did not involve summary judgment but, instead, a court's determinations made following the expert's testimony at trial.

Citing the report of its own expert, Gallery argues that it is nevertheless entitled to summary judgment on the issue of damages because it "has successfully met its burden of showing deductible expenses and elements of profits attributable to factors other than the disputed works."[49]   But Gallery's expert presented three scenarios related to its sales of Tov furniture, two of which

---

[49]Gallery's Reply in Support of MSJ, Docket Entry No. 45, p. 6 ¶ 18.

resulted in net loss and one of which resulted in net profit.[50]   The court concludes, therefore, that whether Gallery realized profits attributable to infringement of the copyrighted works and, if so, how much, are genuine issues of material fact for trial.   Thus, Gallery has not established that it is entitled to summary judgment on the issue of damages.

## V. __Conclusions and Order__

For the reasons stated above in § I, the objection to FOMO Factory's late filing of its Response to Gallery's MSJ asserted in Gallery's Reply in Support of MSJ, Docket Entry No. 45, is **DENIED**, and Gallery's objections to the affidavits of Robert Youens and Deborah Youens asserted therein are **DENIED as MOOT**.

For the reasons stated above in § IV.B Defendant Gallery Model Homes, Inc. d/b/a Gallery Furniture's Motion for Summary Judgment, Docket Entry No. 37, is **DENIED**.

Given the age of this case the court does nor intend to extend the Amended Docket Control Order (Docket Entry No. 42), and plans to set the case for trial at the November 9, 2023 docket call.

**SIGNED** at Houston, Texas, this 28th day of July, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[50]__See__ Report of Helga Zauner, Exhibit C to Gallery's Brief in Support of MSJ, Docket Entry No. 37-4, pp. 2 and 9.   __See also__ Gallery's Brief in Support of MSJ, Docket Entry No. 37-1, 19 ¶ 62.